IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHID ABDUL, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-1946 |
| | : | |
| v. | : | |
| | : | |
| GAMESA TECHNOLOGY | : | |
| CORPORATION, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION

**Slomsky, J.**                                                                                       **April 18, 2012**


Before the Court is a Motion to Dismiss Count I of the Amended Complaint filed by Gamesa Technology Corporation, Incorporated, LLC, Gamesa Technology Corporation Inc., Dirk Matthys, Kurt Geiger, Arthur Whittemore, and Luis Miguel Fernandez (collectively "Defendants").  (Doc. No. 13.)  Plaintiff Rashid Abdul ("Plaintiff") filed a Response in Opposition seeking denial of the Motion in its entirety.  (Doc. No. 14.)

On September 7, 2011, Plaintiff filed an Amended Complaint against Defendants.  (Doc. No. 9.)  In Count I, Plaintiff alleges a violation of his civil rights under 42 § U.S.C. 1981.  (Id.)  In Count II, Plaintiff alleges a violation of the Pennsylvania Wage Payment and Collection Law (Id.)  In Count III, Plaintiff alleges a breach of contract under Pennsylvania law.  (Id.)

On November 28, 2011, Defendants filed the instant Motion to Dismiss Count I.  (Doc. No. 13.)  On December 5, 2011, Plaintiff filed the Response in Opposition to Defendants'

1

Motion to Dismiss Count I. (Doc. No. 14.)

For reasons that follow, the Court will grant Defendants' Motion to Dismiss Count I. (Doc. No. 13.)

**I.      STATEMENT OF THE FACTS**

Plaintiff is an American citizen not of Spanish ancestry. (Doc. No. 9 ¶ 4.) Defendants, Gamesa Technology Corporation Incorporated, LLC and Gamesa Technology Corporation are related companies known as Gamesa USA (collectively "Defendant Gamesa USA"). (Id. at ¶ 5.) Defendant Gamesa USA are wholly owned subsidiaries of Defendant Gamesa Corporacion Tecnologica, S.A., a company based in Bilbao, Spain. (Id. at ¶ 6.)

From January 2008 to October 2009, Plaintiff was employed by Defendant Gamesa USA. (Id. at ¶¶ 11, 21.) While employed by Defendant Gamesa USA, Plaintiff worked with the companies' high-level executives, many of whom are Spaniards. (Id. at ¶¶ 14-15.)

Despite working at an executive level, Plaintiff alleges he endured discrimination because he was not from Spain and not of "Spanish ancestry." (Id. at ¶ 23.) Plaintiff argues he was excluded from telephone conferences that were conducted in Spanish, and that emails regarding his work were exchanged in Spanish. (Id. at ¶¶ 24(a), 24(c).) Because Plaintiff does not speak Spanish, he was not able to "meaningfully participate in decisions." (Id. at ¶ 24(c).) Plaintiff also alleges that he was not invited to Spain for meetings that affected his work and was excluded from other meetings where the invitees were only Spaniards. (Id. at ¶¶ 24(j), 24(l).) He further asserts that Spanish employees were treated more favorably, and non-Spanish employees were often found at fault for the mistakes of Spanish employees. (Id. at ¶¶ 24(d), 24(f).)

Plaintiff voiced frustration that he was excluded from meetings and that Spanish

employees thwarted his ability to make decisions related to his job.  (Id. at ¶ 25.)

On October 9, 2009, Plaintiff was terminated from Gamesa USA.  (Doc. No. 9 ¶ 21.) Plaintiff, in turn, filed this suit asserting a claim of discrimination based on race, ancestry, and national origin discrimination.  (Doc. No. 9 at 8.)

## II.    LEGAL STANDARD

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in the Supreme Court's Opinion Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp. set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss.  629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (applying the principles of Iqbal and articulating the 12(b)(6) analysis as a two-part test).

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago, 629 F.3d at 130 (quoting Iqbal, 129 S. Ct. at 1947, 1950).  "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components

of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, No. 10-3539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler, 578 F.3d at 210-11 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– 'that the pleader is entitled to relief.'" Iqbal, 129 S Ct. at 1950. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### III.  DISCUSSION

Defendants argue that Count I, the claim alleging a violation of 42 U.S.C. § 1981, should be dismissed because Section 1981 does not provide a plaintiff with a remedy for discrimination on the basis of national origin.  The Court agrees with Defendants' argument and will dismiss Count I.

42 U.S.C. § 1981 provides, in pertinent part, as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To prove a violation under Section 1981, a plaintiff must demonstrate that: 1) plaintiff is a member of a racial minority; 2) defendant intended to discriminate on the basis of race; and 3)

4

discrimination occurred in relation to one or more activities enumerated in Section 1981, including the right to make and enforce contracts.  Brown v. Phillip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2011) (citing Yelverton v. Lehman, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996) *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999)).

As to the first element, membership in a racial minority, the United States Supreme Court has held that "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."  St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987).  Given this direction, the Third Circuit has suggested that a claim "rest[ing] solely on [a plaintiff's] national origin . . . would not be sufficient for a Section 1981 claim under Al-Khazraji." Bennun v. Rutgers State Univ., 941 F.2d 154, 172 (3d Cir. 1991) (citations omitted).  See also Mulholland v. Classic Management Inc., No. 09-2525, 2010 WL 2470834, at *2 (E.D. Pa. June 14, 2010). Consequently, a plaintiff must demonstrate that he has been discriminated against because he was born into a particular ethnic group and not just born in a particular place.  See Al-Khazraji, 481 U.S. at 613.

Courts in this District have repeatedly dismissed claims that are based: 1) solely on national origin, or 2) on national origin and other non-protected characteristics, while permitting claims based on national origin *and* race, ethnicity, or ancestry to proceed.  Mulholland, 2010 WL 2470834, at *2 (emphasis in original) (citations omitted).  E.g., Bennun, 941 F.2d at 172; Youssef v. Anvil Int'l, 595 F. Supp. 2d 547, 558-59 (E.D. Pa 2009) (finding Plaintiff established *prima facie* § 1981 claim when he alleged discrimination based on both nationality and ethnicity); Wallace v. Graphic Management Associates, Inc., No 04-0819, 2005 WL 527112, at

*3-4 (E.D.Pa. Mar. 3, 2005) (barring plaintiff's § 1981 claim based on her African origin, but permitting plaintiff to pursue § 1981 claim based on race). Therefore, a court must examine a plaintiff's complaint to discern whether the plaintiff has pled facts alleging national origin discrimination alone or something more. Mulholland, 2010 WL 2470834, at *3.

Here, Plaintiff has failed to establish discrimination based on his membership in a racial minority because he pursues his § 1981 claim solely on national origin grounds. Plaintiff is "an American citizen and not of Spanish ancestry or origin." (Doc. No. 9 ¶ 4.) He alleges that he "was subjected to discrimination based on him not being a Spaniard and not having Spanish ancestry or ethnicity in his background." (Doc. No. 9 ¶ 23.)

While Plaintiff uses the terms "ancestry" and "ethnicity" in the Amended Complaint, these conclusory phrases alone do not support a finding of racial, ancestral, or ethnic discrimination. Here, Plaintiff has failed to demonstrate that there are any characteristics thought to be common to the Spanish "race." See e.g., Carl v. Western-Southern Life Ins. Co., No. 09-3990, 2010 WL 3860432, at *5 (E.D. Pa. Sept. 30, 2010) (dismissing plaintiff's § 1981 claim because he failed to allege facts showing an Irish "race"). Instead, Plaintiff claims he was discriminated against because he did not speak Spanish, the language of a particular nation. He further claims that others who were from a particular nation were treated more favorably. These allegations demonstrate that, if Plaintiff suffered discrimination, it stemmed from being born in a place other than Spain, and not because he was born into a particular ethnic group.

Because Plaintiff has failed to prove the first element of a Section 1981 claim, membership in a racial minority, the Court need not address the remaining factors.

Consequently, Count I of the Amended Complaint will be dismissed.[1]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss Count I of the Amended Complaint.  (Doc. No. 13.)  An appropriate Order follows.

---

[1] A court may ordinarily grant a plaintiff leave to file an amended complaint.  Here, Plaintiff has already filed a Complaint (Doc. No. 1) and an Amended Complaint (Doc. No. 9).  Further, because Section 1981 does not extend to discrimination on the basis of national origin, discovery is not likely to reveal evidence of a Spanish "race."  See Abdallah v. Allegheny Valley Sch., No. 10-5054, 2011 WL 344079, at *4 (E.D. Pa. Feb. 1, 2011) (finding discovery could not reveal that being Muslim was both a race and a religion).  Given these circumstances, filing another amended complaint would be futile.  Accordingly, the Court will not grant Plaintiff leave to file a Second Amended Complaint.